UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DANIEL ANDRESS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:17-cv-00395-WTL-MJD ) |
| KAREN RICHARDS, *et al.*, | ) ) ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

**I.**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### A. Allegations

The plaintiff brings this action against defendants Indiana Department of Correction ("IDOC"), Karen Richards, Teresa Littlejohn, Frank Littlejohn, Jay Hendricks, Dick Brown, and Bruce Lemmon. The plaintiff uses a prosthetic leg for mobility. He alleges that, on August 19, 2015, his prosthetic leg became tangled in the computer cords in the law library while he was using the computer. This caused him to fall out of his chair and break his hip. The plaintiff alleges that Karen Richards knew of this hazard before the incident, but failed to do anything about it. The plaintiff also alleges that he attempted to grieve this issue, but the grievance coordinator, Teresa Littlejohn, rejected his grievance as a non-grievable issue.

Based on these allegations, the plaintiff asserts claims against the defendants under the Americans with Disabilities Act ("ADA") and Rehabilitation Act, as well as under 42 U.S.C. § 1983 based on a purported Eighth Amendment violation.

### B. Statutory Claims

The **statutory claims against the individual defendants are dismissed.** Several of the individual defendants are named in the ADA and Rehabilitation Act claims, but employees of the IDOC are not amenable to suit under the Rehabilitation Act or the ADA. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012) (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131; *Foley v. City of Lafayette*, 359 F.3d 925, 928 (7th Cir. 2004); *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001) (collecting authority)). Accordingly, the ADA and Rehabilitation Act claims against the individual defendants in their individual capacities are

**dismissed**. In addition, a claim against the individual defendants in their official capacities is really a claim against the IDOC. *See Jaros*, 684 F.3d at 670 n.2. Because the IDOC is also named as a defendant the ADA and Rehabilitation Act claims against the individual defendants in their official capacities are **dismissed** as duplicative.

### C. Constitutional Claims

The complaint purports to bring Eighth Amendment claims against the individual defendants pursuant to 42 U.S.C. § 1983 based on his falling while using the computer and breaking his hip. As the plaintiff acknowledges, he has another action pending in this Court, No. 2:16-cv-00011-WTL-MJD. In that action, Eighth Amendment and state-law negligence claims are proceeding against Karen Richards based on the exact same allegations. *See* No. 2:16-cv-000WTL-MJD, Dkt. No. 7. Therefore, such claims may not proceed against Karen Richards in this action and are dismissed as duplicative. *See Rizzo v. City of Wheaton, Ill.*, 462 Fed. Appx. 609, 613 (7th Cir. 2011) ("District courts have ample discretion to dismiss duplicative litigation. . . ."); *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995) ("A district court has an ample degree of discretion in deferring to another federal proceeding involving the same parties and issues to avoid duplicative litigation.").

The extent that the plaintiff wishes to bring Eighth Amendment claims against the other individual defendants based on his fall, there are no allegations that any of the other defendants were personally involved in this incident. Accordingly, these claims are dismissed. *See Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see also Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'").

Finally, to the extent the plaintiff wishes to bring a constitutional claim based on a denial of the grievance process, such allegations fail to state a constitutional violation. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id.* at 1430-31 (citations omitted).

## II.

Given the foregoing, the following claims **shall proceed**:

- Claims under the ADA and Rehabilitation Act against the IDOC.

The clerk is **designated** pursuant to *Fed. R. Civ. P*. 4(c)(3) to issue process to defendant Indiana Department of Correction in the manner specified by *Fed. R. Civ. P*. 4(d). Process shall consist of the complaint (docket 1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The clerk is **directed** to update the docket to reflect that the IDOC is the only defendant remaining in this action.

Nothing in this Entry precludes the IDOC from filing a motion to dismiss under Rule 12 if appropriate.

**IT IS SO ORDERED.**

Date: 10/25/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANIEL ANDRESS
226471
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only


By Electronic Service to IDOC:

Indiana Department of Correction