UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANIEL ANDRESS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:17-cv-00395-WTL-MJD |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) ) ) | |
| Defendant. | ) | |

**Entry Granting the Defendant's Motion to Dismiss
and Directing Entry of Final Judgment**

Daniel Andress (Mr. Andress) brings this case against the defendant Indiana Department of Correction (IDOC) alleging constitutional deprivations as a result of a broken hip he suffered while using the law library at the Wabash Valley Correctional Facility (Wabash Valley). The Court screened the amended complaint and permitted claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA) to proceed. Dkt. Nos. 9, 19. The IDOC has moved to dismiss the amended complaint arguing that it fails to state a claim for relief. For reasons explained in this Entry, the motion to dismiss, Dkt. No. 21, is **granted**.

**1. Background**

Here, Mr. Andress's amended complaint alleges he is a qualified individual with a disability that is incarcerated at Wabash Valley. His disability is that his left leg is amputated below the knee. He wears a prosthetic leg. As a result, his mobility is impaired and he suffers a substantial limitation on a major life activity, i.e. walking and moving around.

Mr. Andress alleges that on August 19, 2015, he was in the Wabash Valley law library and his prosthetic leg became tangled in the computer keyboard wires under the desk. As a result, when he stood, he fell and broke his left hip. Mr. Andress also alleges that a similar tangling occurred

the previous year and he notified the law librarian of the danger of the loose computer wires. Dkt. No. 20.

In the amended complaint, Mr. Andress alleges a violation under the ADA and RA when IDOC employees failed to accommodate his safety needs and discriminated against him because of his disability.

### 2. Legal Standard

The IDOC has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Mr. Andress's claim fails as a matter of law. "Rule 12(b)(6) tests whether the complaint states a claim for relief, and a plaintiff may state a claim even though there is a defense to that claim. In ruling on a motion to dismiss, the Court views the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true and drawing all reasonable inferences from those allegations in favor of the plaintiff." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). Thus, a complaint should only be dismissed pursuant to Rule 12(b)(6) when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Killingsworth v. HSBC Bank Nev., N.A*., 507 F.3d 614, 618 (7th Cir. 2007). Additionally, the Court may not rely upon evidence and facts outside of those alleged in the complaint in ruling on a motion to dismiss.

### 3. Discussion

The IDOC's motion argues that Mr. Andress's allegations are insufficient as a matter of law. More specifically, Mr. Andress's complaint only alleges that IDOC employees had knowledge of a trip hazard and failed to take reasonable measures to abate the risk he might fall. Mr. Andress's complaint alleges that this conduct was discrimination based on his disability under the ADA and RA. The IDOC argues that this conduct, failing to abate a trip hazard knowing Mr.

Andress might fall, is merely negligence and under no circumstances can it be construed as discrimination under the ADA or RA because Mr. Andress was not denied the benefits of any services, programs, or activities of the IDOC. The Court agrees.

To establish a violation of Title II of the ADA, "the plaintiff must prove that he is a 'qualified individual with a disability,' that he was denied 'the benefits of the services, programs, or activities of a public entity' or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was 'by reason of' his disability." *Love v. Westville Corr. Ctr.*, 103 F.3d 558, 560 (7th Cir.1996) (citing 42 U.S.C. § 12132). The Rehabilitation Act claim is functionally identical: it requires the plaintiff to allege that "(1) he is a qualified person (2) with a disability and (3) the [state agency] denied him access to a program or activity because of his disability." *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir.2012). For the Rehabilitation Act to apply, the relevant state agency (here the IDOC) must accept federal funds, which all states do. *Id.* at 671 ("[T]he analysis governing each statute is the same except that the Rehabilitation Act includes as an additional element the receipt of federal funds, which all states accept for their prisons.") (citations omitted). For purposes of this discussion, the Court accepts that Mr. Andress's missing leg and use of a prosthetic qualifies as a disability. The only question is whether IDOC denied him access to any program or service.

Accepting Mr. Andress's factual allegations as true, he does not state a claim under the ADA or the RA. Mr. Andress alleges that on August 19, 2015, he was in the Wabash Valley law library and his prosthetic leg became tangled in the computer keyboard wires under the desk. As a result, when he stood up, he fell and broke his left hip. Mr. Andress also alleges that a similar tangling occurred the previous year and he notified the law librarian of the danger of the loose computer wires. Dkt. No. 20. Mr. Andress complaint alleges that he was denied the benefit of

being free from injury but **not** that he was denied the benefit of any services, programs, or activities at the IDOC because of his disability. He argues in response to the motion to dismiss that the IDOC failed to make reasonable accommodations by removing the cords to prevent his risk of falling and he was denied reasonable access to the law library computer stations because he was unable to leave the stations without his prosthetic leg becoming tangled in the computer wires. Because of this, he asserts, he was discriminated against based on his disability. However, Mr. Andress does not allege that he was ever denied the use of the library, rather he alleges that he was denied the right to be free from injury. However, being subjected to a greater risk of falling due to a prosthetic leg does not equate to being denied the benefit of services, programs, or activities. Moreover, Mr. Andress was aware there were cords under the computer desks as he told the law librarian about them on a previous occasion. *Van Stan v. Fancy Colors & Co.*, 125 F.3d 563, 570 (7th Cir. 1997) (stating that a plaintiff cannot recover under the ADA if through his own fault he fails to control an otherwise controllable illness).

Further, Mr. Andress frequented the law library and as such was not denied, blocked, or kept from any programs, services, or activities based on his disability. In fact, he was using the computer terminals in the law library when he fell.

This may be a claim for negligence but is not a claim under the ADA or RA because Mr. Andress was not denied, blocked, or kept from any programs, services, or activities based on his disability.

Because Mr. Andress's amended complaint fails to state a claim for relief under the ADA and RA, the IDOC's motion to dismiss, Dkt. No. 21, is **granted**.

Judgment consistent with this Entry shall issue.

**IT IS SO ORDERED**.

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 5/16/18

Distribution:

DANIEL ANDRESS
226471
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Amanda Elizabeth Fiorini
INDIANA ATTORNEY GENERAL
Amanda.Fiorini@atg.in.gov